LANCE, Judge,
concurring in part and dissenting in pai"t:
I fully concur in the majority’s discussion of how this Court is to “take due account of the rule of prejudicial error” and the burdens and pleading requirements of the parties in this context. I write separately, however, because I disagree with the majority’s narrow view of the effect that representation by counsel before VA has on a claimant’s opportunity to meaningfully participate in the adjudication of his or her claim. In my opinion, the fact that Mr. Overton has been represented by the same counsel since 1993 in pursuit of increased ratings for his service-connected disabilities and an award of TDIU is dispositive.
To be clear, I agree with the majority that a claimant’s representation by counsel does not relieve the Secretary of his statutory obligation, upon receipt of a complete or substantially complete application, to provide a claimant and the claimant’s representative with section 5103(a) notice. However, when considering whether the Secretary has provided VCAA compliant notice, we are also required to “take due account of the rule of prejudicial error.” Conway, 353 F.3d at 1375. If a claimant has been provided a meaningful opportunity to participate in the adjudication of his or her claim, any notice error is not prejudicial. Ante at 435.
The majority acknowledges that representation by counsel will effect a claimant’s ability to meaningfully participate in the adjudication of his claim. Yet, when considering whether the failure to provide compliant notice was prejudicial, the majority would limit the effect of attorney representation and only attribute to the claimant “the attorney’s actions and communications.” Ante at 439. This ignores an attorney’s professional and ethical responsibility to be competent and knowledgeable of the law. See Model Rules of PROf’l Conduct R. 1.1 (“A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.”); see also U.S. Vet.App. R. Adm. & Prac. 4(a) (adopting Model Rules of Professional Conduct). It also ignores the reality that “[t]he relationship between an attorney and the client he or she represents ... is one of agent and principal.” Veal v. Geraci 23 F.3d 722, 725 (2nd Cir.1994) (“A person has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it, *445 or has been given a notification of it, under circumstances coming within the rules applying to the liability of a principal because of notice to his agent.”) (quoting Restatement (Second) of Agency § 9(3) (1958)); see also Taylor v. Illinois, 484 U.S. 400, 417-18, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (noting it would be “highly impracticable” to distinguish between clients and attorneys in assessing the client’s responsibility for how his attorney pursues his case).
It is precisely because of the nature of the attorney-client relationship and the attorney’s specialized knowledge and experience that I cannot endorse the majority’s view which seemingly requires counsel to demonstrate his competence before we attribute his knowledge to a claimant.[2] Cf. Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 93, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (“Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have ‘notice of all facts, notice of which can be charged upon the attorney.’ ”) (quoting Link v. Wabash R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)) (quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)); Link, supra, (rejecting as merit-less petitioner’s contention that dismissal of his claim because of his counsel’s unexcused conduct imposes an unjust penalty on the client, thus holding him accountable for the consequences of the acts and omissions of his attorney). The Federal Circuit’s recent decision in Andrews, supra, makes clear that represented claimants in the VA adjudication system are treated differently than those who are proceeding pro se. The Federal Circuit held, without any qualification, that VA’s duty to sympathetically read a claimant’s pleadings does not apply to pleadings filed by counsel. Andrews, 421 F.3d at 1283. Given this distinction already drawn by the Federal Circuit, I do not think it unreasonable to further attribute to a claimant his or her attorney’s knowledge of the relevant law and what information and evidence is necessary to substantiate a claim.
The majority’s limited focus would create a presumption that an attorney does not know how to prove a claim for VA benefits unless and until told how to do so by the Secretary. This presumption of attorney ignorance is fundamentally inconsistent with an attorney’s ethical obligation to know the relevant law in any area in which he or she practices. Therefore, I cannot endorse the position that a claimant who has had continual attorney representation throughout did not have a meaningful opportunity to participate in the adjudication of his or her claim.
Notwithstanding this general statement, I recognize that there may be circumstances in which a notice error may be prejudicial to a claimant who is represented by counsel. For example, there may be instances where an attorney’s involvement is so limited or too late in the process that VA’s failure to provide section 5103(a) notice would have effected the claimant’s ability to meaningfully participate in the adjudication of his or her claim. That is not this case. Mr. Overton has been continuously represented since 1993 by the same counsel and, therefore, it cannot be said that he did not have a meaningful opportunity to participate in the adjudication of his claims merely be *446 cause his attorney did not communicate to VA his awareness of the relevant law and the information and evidence necessary to substantiate Mr. Overton’s claims. See ante at 439-40. Accordingly, I would find Mr. Overton’s continuous representation by counsel dispositive and would not engage in the Court’s discussion of whether the various documents in the record gave Mr. Overton a meaningful opportunity to effectively participate in the adjudication of his claim. It is incredulous that counsel was not aware of the information or evidence necessary to substantiate Mr. Overton’s claims. For this reason, I must respectfully disagree with the majority’s application of the rule of prejudicial error in this case and dissent from the remand of Mr. Overton’s tinea versicolor claim.

. To the extent that an attorney may be incompetent, the law does not leave a claimant without remedy. The claimant’s remedy is against the attorney in a claim for legal malpractice. Cf. Nelson v. Nicholson, 19 Vet.App. 548, 555 (2006) (noting that it was for the Alaska Bar Association to determine whether attorney’s neglect in missing filing deadline for bringing a timely appeal to this Court should give rise to disciplinary action).